**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:14-cv-00654-REB-CBS

DAVID MAZIN

    Plaintiff,

v.

JEFFREY TRUE, in his official and individual capacity;
KRISTIN GENTA, in her official and individual capacity;
ERIN LAND, in her official and individual capacity;
HENRY HASLER, in his individual capacity;
NOEL PETERSON, in his individual capacity;
BARBARA BROHL, in her official capacity;
LAURA HARRIS, in her official capacity; and
CITY OF COLORADO SPRINGS, COLORADO,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the **City Defendants' Motion To Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#40][1] filed June 20, 2014; (2) the **Motion To Dismiss Amended Complaint** [#42] filed June 20, 2014; (3) the **Motion To Dismiss Amended Complaint** [#44] filed June 20, 2014; and (4) the corresponding recommendation [#64] of the United States Magistrate Judge which was entered from the bench and is reflected in a transcript [#69] of that hearing. The plaintiff filed objections [#67] to the recommendation, and the defendants filed a response [#68]

---

[1] "[#40]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

to the objections. I overrule the objections and approve and adopt the recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable law.

## I. BACKGROUND

The key question in this case is whether marijuana grown and possessed as medical marijuana and authorized under Colorado law[2] is property protected under the Constitution of the United States. The plaintiff, David Mazin, was the owner of Medical Marijuana Connection, LLC (MMC), a medical marijuana dispensary and grow operation located in Colorado Springs, Colorado. In his complaint [#36], he alleges that on March 5, 2012, defendants Jeffrey True, Kristin Genta, and Erin Land of the Colorado Springs Police Department (CSPD) and Henry Hasler and Noel Peterson of the Medical Marijuana Enforcement Division of the state of Colorado executed a search warrant at MMC. Mr. Mazin says these defendants unreasonably cut 472 of Mr. Mazin's healthy, lawfully-owned medical marijuana plants while executing the search warrant. In addition, Mr. Mazin alleges, these defendants seized more than 15 pounds of refined medical marijuana products that were lawfully owned by him.

During the next fifteen months, the seized marijuana was stored at the CSPD Operations Center Annex. The defendants, Mr. Mazin contends, failed to preserve the quality of Mr. Mazin's seized marijuana property, rendering his medical marijuana plants and refined medical marijuana nearly valueless by the time the El Paso County District

---

[2] For purposes of this order, I assume without deciding that the plaintiff was fully and properly authorized to grow and possess medical marijuana under the applicable provisions of Colorado law.

Court ordered, on June 3, 2013, that the property be returned to him. Mr. Mazin was never convicted of any criminal offense relating to his marijuana.

## II. ANALYSIS

In his complaint [#36], Mr. Mazin asserts a claim for unreasonable seizure of his property in violation of the Fourth Amendment and Fourteenth Amendments and a claim for deprivation of property without due process of law in violation of the Fourteenth Amendment. In their motions to dismiss, the defendants argue primarily that the allegations in the complaint do not state a claim on which relief can be granted because any property interest Mr. Mazin may have in his marijuana is not a property interest recognized and protected under federal law.

In his recommendation [#64], the magistrate judge agrees with the defendants. The magistrate judge found that Mr. Mazin has no property interest in his marijuana which is recognized and protected under federal law. *Transcript* [#69], 52:5 - 58:24. This is true, the magistrate judge concluded, because under federal law, it is illegal for any private person to possess marijuana for any purpose. *Transcript* [#69], 53:10 - 18. Because marijuana is contraband *per se* under federal law, the plaintiff does not have a property interest in his marijuana which is protected by the Fourth Amendment or by the Due Process Clause of the Fourteenth Amendment. *Transcript* [#69], 53:10 0 18; 56:21 - 25, 58:22 - 24. After *de novo* review, I concur with the ratiocination of the magistrate judge.

Under 21 U.S.C. § 812(c), part of the Controlled Substances Act, marijuana is a Schedule I controlled substance. Under federal law, a Schedule I controlled substance

"has no currently accepted medical use in treatment in the United States."[3]  21 U.S.C. § 812(b)(1).

> By classifying marijuana as a Schedule I drug, as opposed to listing it on a lesser schedule, the manufacture, distribution, or possession of marijuana became a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration preapproved research study. §§ 823(f), 841(a)(1), 844(a); **see also United States v. Oakland Cannabis Buyers' Cooperative**, 532 U.S. 483, 490, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001).

**Gonzales v. Raich**, 545 U.S. 1, 14 (2005).  Absent an acceptable medical use recognized by federal law, marijuana cannot lawfully be prescribed by a practitioner. **United States v. Oakland Cannabis Buyers' Cooperative**, 532 U.S. 483, 491 (2001).

The status of a controlled substance as property is addressed in 21 U.S.C. § 881(a), which provides:

> (a) Subject property
>
> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> (1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.

Except for marijuana used in a research study approved by the Food and Drug administration, there is no recognized or protected property right in marijuana under federal law.  Rather, marijuana is contraband *per se* under federal law, which expressly disavows any property right in such contraband.

The plaintiff argues that state law defines property rights and consideration of overlaying federal law is of no consequence when resolving his claims under the Fourth

---

[3] This proposition currently is the subject of much debate.  Still, under § 812, federal law continues to hold that there is no accepted medical use for marijuana.

and Fourteenth Amendments. As a matter of law, this proposition is incorrect. "Although the underlying substantive interest is created by an independent source such as state law, federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 757 (2005) (quotation, internal quotation, and citations omitted). The plaintiff has no federally protected property interest in his marijuana even if that marijuana is legal under Colorado law. Absent a federally recognized property interest in his marijuana, Mr. Mazin has not and cannot state a valid claim under the Fourth or Fourteenth Amendments based on the seizure and destruction of his marijuana by the defendants.

Starting with the conclusion that there is no federally recognized or protected property right in marijuana, the magistrate judge concluded also that Mr. Mazin has not stated a Fourth Amendment claim on which relief can be granted based on the alleged destruction of exculpatory evidence by the defendants. *Transcript* [#69], 58:25 - 64:23. He concluded that the defendants are entitled to qualified immunity to the extent they are sued in their individual capacities. *Transcript* [#69], 58:25 - 67:5. Finally, the magistrate judge concluded that the claims against the City of Colorado Springs and defendants Barbara Brohl and Laura Harris in their official capacities must be dismissed because there was no predicate constitutional violation and because the allegations of Mr. Mazin are not sufficient to support claims based on an official policy, custom, or practice. *Transcript* [#69], 67:6 - 67:20. My *de novo* review constrains me to concur.

Finally, the magistrate judge recommends that both of the claims of Mr. Mazin be dismissed with prejudice. *Transcript* [#69], 67:21 - 68:2. Dismissal with prejudice

5

means Mr. Mazin can not amend his complaint in an attempt to state valid claims. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." ***Castleglen, Inc. v. Resolution Trust Corp.***, 984 F.2d 1571, 1585 (10th Cir.1993) (citing ***Foman v. Davis***, 371 U.S. 178, 182 (1962)).  Given the legal conclusions of the magistrate judge, which I approve and adopt, amendment of the complaint in this case would be futile. Therefore, the claims of Mr. Mazin must be dismissed with prejudice.

### III.  CONCLUSION & ORDERS

Based on my *de novo* review of the relevant record in light of the apposite law, I conclude that the analysis and conclusions of the magistrate judge are correct. Contrastingly, the objections [#67] of the plaintiff do not vitiate that analysis.

**THEREFORE, IT IS ORDERED** as follows:

1. That the recommendation [#64] of the United States Magistrate Judge, which was made from the bench and is reflected in a transcript [#69] of that hearing, is approved and adopted as an order of this court;

2. That the objections [#67] of the plaintiff are overruled;

3. That the **City Defendants' Motion To Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#40] filed June 20, 2014, is granted;

4. That the **Motion To Dismiss Amended Complaint** [#42] filed June 20, 2014, is granted;

5. That the **Motion To Dismiss Amended Complaint** [#44] filed June 20, 2014, is granted;

6. That under Fed. R. Civ. P. 12(b)(6), the complaint [#36] of Mr. Mazin is dismissed with prejudice;

7. That judgment shall enter in favor of the defendants and against the plaintiff;

8. That the defendants are awarded their costs to be taxed by the clerk of the court in the time and manner specified in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

9. That this case is closed.

Dated March 16, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge